Brian M. McMahon
Stat bar number 00927
McMahon Law Offices, Ltd..
3715 Lakeside Drive, Ste. A
Reno, Nevada 89509
Tel: 775-348-2701
Fax: 775-348-2702
Email: brian@mcmahonlaw.org

Jules D. Zalon
(Who may be appearing Pro Hac Vice)
20 Curtis Avenue
West Orange, New Jersey 07052
Tel: 973-324-2444
Fax: 973-324-2180
email: jzalon@zalonoffice.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NOLO,<br><br>               Plaintiff,<br><br>   v.<br><br>NOLOSOFT, INC. and<br>CONGHUA YAN,<br><br>               Defendants. | Civil Action No.<br>3:09-cv-00201 |

<u>STIPULATED FINAL JUDGMENT</u>

**and <u>ORDER</u>**

1

Plaintiff Nolo having filed its action on April 20, 2009 and defendants Nolosoft, Inc. and Conghua Yan having waived service and agreed to entry of a final judgment and permanent injunction in favor of the plaintiff and against the said defendants, the Court enters the following order:

## FINAL JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that final judgment is hereby granted and ordered entered as the judgment in this action against said defendants Nolosoft, Inc. and Conghua Yan (hereafter collectively referred to as "defendants") as follows:

This Court has jurisdiction over the subject matter herein and the parties hereto;

Judgment is hereby entered in favor of plaintiff Nolo and against the defendants, as prayed for the complaint;

Plaintiff is entitled to, the parties propose and the Court approves, a permanent injunction in the form contained herein;

This Court retains jurisdiction of the parties hereto for the purpose of any proceedings to enforce this judgment and the said injunction;

The parties hereto have waived appeal from this judgment or the right to challenge it in any way;

The parties have waived costs;

Plaintiff Nolo has waived any claim it might have to money damages and fees as to the subject matter of the instant action;

**Stipulated Final Judgment**

This Final Judgment shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns.

### PERMANENT INJUNCTION

1. As to plaintiff's trademark infringement claim:

IT IS FURTHER ORDERED that the defendants, their heirs, executors, successors and assigns, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with such defendants or any of them and those who receive actual notice or knowledge of this Injunction by personal service or otherwise, are perpetually restrained and enjoined from:

a) Imitating, copying or making unauthorized use of the trademark NOLO (including NOLOSOFT);

b) Manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of the NOLO trademark (including NOLOSOFT);

c) Using any false designation of origin or false description or performing any act which can, or is likely to lead members of the trade or public to believe that any service or product manufactured, distributed or sold by the defendants is in any manner associated or connected with plaintiff Nolo, or is sold, manufactured, licensed, sponsored, approved or authorized by the plaintiff;

    d) Transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in defendants' possession, custody or control bearing a design or mark substantially identical to the NOLO trademark (including NOLOSOFT);

    e) Instructing, assisting, aiding, abetting, encouraging or inducing any other parties, including customers of the defendants, to do any of the aforementioned acts.

2.    As to plaintiff's cybersquatting claim:

IT IS FURTHER ORDERED that the said defendants, their heirs, executors, successors and assigns, and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with such defendants or any of them and those who receive actual notice or knowledge of this Injunction by personal service or otherwise, are perpetually restrained and enjoined from:

    a) Transferring to anyone other than Nolo the domain name www.nolosoft.com or any other domain name that uses the NOLO trademark or any word, name or designation confusingly similar thereto;

    b) Registering, maintaining registrations for, using, offering for sale, claiming ownership of, or in any other way using the domain name www.nolosoft.com or any other domain name that uses the NOLO trademark or any word, name or designation confusingly similar thereto;

The defendants are ordered to disclose to the Court and to plaintiff's attorney all other domain name registrations directly or indirectly owned or registered by defendants

in order to permit the Court and plaintiff to consider whether any such other registration, if any, should be transferred to plaintiff or subject to other relief in this matter;

3. The defendants are ordered to transfer to plaintiff the registration for the domain name www.nolosoft.com;

4. The defendants represent that their use of the trademark NOLOSOFT has been limited to software downloaded from the Internet, and that therefore no physical material containing the said trademark (products, labels, tags, signs, prints, packages, and the like) exists or ever existed.

Dated:   Reno, Nevada
         Dated this 1st day of July, 2009.

*Edward C. Reed.*
_____
Edward C. Reed, Jr, United States District Judge

## CONSENT, WAIVER AND STIPULATION

The parties hereby stipulate that written findings of fact and conclusions of law be waived and said defendants expressly consent to entry of the foregoing Stipulated Final Judgment and Permanent Injunction as final and unappealable and waive notice of entry of Judgment.

_____
Jules D. Zalon, attorney for plaintiff

_____
Conghua Yan, individually and as president of Nolosoft, Inc.